NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**STEPHEN CHINN**<br><br>Defendant. | **CASE NO: 2:23-cr-188**<br><br>**JUDGE SARAH D. MORRISON** |

### UNITED STATES' REQUEST FOR A HEARING PURSUANT TO *LAFLER V. COOPER*

Now comes, the United States, by and through undersigned counsel, and respectfully requests that this Court schedule a pre-trial hearing to determine whether the government's plea offer has been conveyed to the defendant, whether the defendant understands the terms of the plea offer, and whether the defendant understands that the plea offer will be withdrawn if not accepted. In support of this request, the government provides the Court with the following information.

On or about September 19, 2023, the Grand Jury in the Southern District of Ohio returned an Indictment in this case, charging the defendant with violations of 18 U.S.C. §§ 2252(a)(1) & (b)(1) (Transportation of Child Pornography), 18 U.S.C. §§ 2252(a)(2) & (b)(1) (Receipt of Child Pornography), and 18 U.S.C. § 2252(a)(4)(B) & (b)(2) (Possession of Child Pornography). (Doc. #4, Indictment.) Trial in this matter is currently scheduled for September 30, 2024, with a Final Pretrial Conference scheduled for September 25, 2024. (Doc. #26, Scheduling Order.)

1

The government has made several attempts to resolve the defendant's case short of trial, including emailing the key terms of the initially proposed plea agreement to defense throughout the course of the last year on October 22, 2023, March 3, 2024 and most recently on August 11, 2024. In addition, the terms of that proposed plea agreement, which is the final plea offer in this case, were emailed to the defense on January 13, 2024 and has remained open.

In light of the schedules of government counsel and the time necessary to prepare for trial involving child exploitation material and forensic examinations, which includes the preparation of expert witnesses, the government has informed counsel for the defendant that the current plea offer will be formally withdrawn if not accepted on or before date of the *Lafler* hearing.

In *Lafler v. Cooper*, the Supreme Court recognized that when the government extends a plea offer to a defendant, that defendant "has the right to effective assistance of counsel in considering whether to accept it." 566 U.S. 156, 168 (2012). If a defendant does not receive such assistance, and "loss of the plea opportunity [leads] to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence" the defendant has suffered prejudice as the result of the ineffective assistance. *Id*. The Supreme Court thus recommended that the government and trial courts make a formal record of plea offers, and a defendant's response to such offers, "to help ensure against late, frivolous, or fabricated claims after a later, less advantageous offer has been accepted or after a trial leading to conviction with resulting harsh consequences." *Missouri v. Frye*, 566 U.S. 134, 146 (2012); *Lafler*, 566 U.S. at 172. Among those measures are extending a formal plea offer, reducing the plea offer to writing, and making a plea offer "part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Frye*, 566 U.S. at 146. With respect to the third measure, the Supreme Court

2

referenced a procedure by which the parties "memorialize in some fashion prior to trial (1) the fact that a plea bargain offer was made, and (2) that the defendant was advised of the offer and its precise terms, . . . and (3) the defendant's response to the plea bargain offer." *Id.* at 147 (*quoting In re Alvernaz*, 2 Cal. 4th 924, 938, n.7 (1992)).

While the government is confident that counsel for the defendant has communicated the current plea offer to the defendant and has and will provide him with reasonable and effective advice regarding that plea offer, caution and the Supreme Court instruct that the proper route to preclude future litigation regarding the information and advice the defendant received is to make a formal record of the plea offer and the defendant's response. Accordingly, the government respectfully requests that the Court convene a *Lafler* hearing at which the parties can put on the record the following facts: (1) the government extended a plea offer to the defendant; (2) the substance of that offer; (3) the fact that the defendant was advised of the offer and its precise terms; and (4) that the defendant has conclusively rejected the offer. *Id.* (citation omitted). In the interests of judicial economy, and to potentially avoid the time and expense of preparing for an unnecessary trial, the government requests that such a hearing be held at the Court's earliest convenience.

Respectfully submitted,
KENNETH L. PARKER
United States Attorney

s/ *Emily Czerniejewski*
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorneys
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
Office: (614) 406-3572
Emily.Czerniejewski@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion of the United States for *Lafler* Hearing was served this 15th day of August 2024, electronically upon counsel for the defendant.

> s/ *Emily Czerniejewski*
> EMILY CZERNIEJEWSKI
> Assistant United States Attorney