**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:23-cr-00188 |
| Plaintiff, | : | Chief Judge Sarah D. Morrison |
| v. | : | |
| STEPHEN CHINN, | : | |
| Defendant. | : | |

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States, by its undersigned counsel, hereby moves this Court for the issuance of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure. This motion is supported by the record in this case and the following memorandum.

### MEMORANDUM

On September 19, 2023, a grand jury in the Southern District of Ohio returned a three-count Indictment charging Stephen Chinn (the "Defendant") in Count 2 with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(l), and in Count 3 with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Doc. 4.)

A forfeiture allegation in the Indictment provided notice to the Defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any unlawful visual depiction or property that contains such visual depiction as set forth in 18 U.S.C. § 2253(a)(1) and/or any property the Defendant used or intended to use to commit the offenses charged in the Indictment including, but not limited to, a black unbranded desktop computer with its TeamGroup MP33Pro Hard Drive, bearing serial number 1F2211080080136, and its contents (the "subject property"). (*Id.*)

The Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Counts 2 and 3 of the Indictment and agreed to the forfeiture of the subject property, pursuant to 18 U.S.C. § 2253(a), as property that contains an unlawful visual depiction and/or property that the Defendant used or intended to use to commit the offenses. (Doc. 34.)   The Defendant entered pleas of guilty to Counts 2 and 3 of the Indictment on August 27, 2024.   (Doc. 35.)

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides, in relevant part: "If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."  Fed. R. Crim. P. 32.2(b)(1)(A).  "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  Fed. R. Crim. P. 32.2(b)(1)(B).

Based on the evidence set forth in the record, the United States asserts that it has established the requisite nexus between the subject property and the offenses to which the Defendant has pleaded guilty.  Accordingly, the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3).

WHEREFORE, the United States respectfully requests that the Court enter a Preliminary Order of Forfeiture, forfeiting the subject property to the United States.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/Emily Czerniejewski
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone: (614) 406-3572
Fax: (614) 469-5653
Emily.Czerniejewski@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2024, a copy of the foregoing United States' Motion for Preliminary Order of Forfeiture was filed with the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

s/Emily Czerniejewski
EMILY CZERNIEJEWSKI (IL 6308829)
Assistant United States Attorney